IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:19-CV-56-FL

| | |
|---|---|
| RALPH HOLLIDAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 17, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion and deny defendant's motion. Defendant timely objected, and the issues raised are ripe for ruling. For the reasons that follow, the court grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for further proceedings.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on April 23, 2015, and an application for supplemental security income on June 2, 2015. Both applications alleged disability beginning May 6, 2012. Plaintiffs' applications were denied both initially and upon reconsideration. Later, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held evidentiary hearing on March 7, 2018, and denied plaintiff's claims by decision entered May 14, 2018. Following the ALJ's denial of his applications, plaintiff timely

filed a request for review with the Appeals Council.  On March 8, 2019, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed the instant action seeking judicial review.

**COURT'S DISCUSSION**

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's.  Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).  An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an

ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings. . .and to submit. . .proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 6, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, persistent depressive disorder, alcohol use disorder, unspecified anxiety disorder, major depressive disorder, and social phobia. At step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> except he can frequently stoop. He can frequently be exposed to loud noises and workplace hazards. He is limited to simple, routine, and repetitive tasks. He can have frequent, superficial interaction with coworkers and the public. He can be exposed to routine workplace changes or change introduced in a gradual manner.

(Tr. 21).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

Defendant objects to the magistrate judge's determinations that 1) the ALJ did not account for plaintiff's nonexertional limitations regarding concentration, persistence, and pace in plaintiff's RFC and 2) the ALJ failed to weigh the opinions of Dr. Jacqueline Jones-Alexander ("Dr. Jones-Alexander"), plaintiff's treating psychologist. The court addresses each objection in turn below.

1. Concentration, Persistence, and Pace

RFC "refers to a claimant's capabilities despite her impairments." Lawrence v. Saul, 941 F.3d 140, 141 n.2 (4th Cir. 2019) (citing 20 C.F.R. § 404.1545(a)). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019). Taking into account all medically determinable impairments of which the ALJ is aware, as well as evidence of the intensity and persistence of symptoms caused by those impairments, the ALJ's "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. Monroe, 826 F.3d at 179; Mascio, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). Where the ALJ says plaintiff can perform certain functions, he must discuss plaintiff's "ability to perform them for a full workday." Mascio, 780 F.3d at 636. "Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." Thomas, 916 F.3d at 311; Woods v. Berryhill, 888 F.3d 686, 689 (4th Cir. 2018).

In Mascio, the United States Court of Appeals for the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (internal

5

quotations omitted). This is so because the ability to perform simple tasks and the ability to stay on task are distinct. Id.

Here, the ALJ recounted the evidence in the record and assessed plaintiff's concentration, persistence, and pace as follows:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. On April 27, 2015, the claimant reported he had difficulty staying on subject and would "end up quitting." He reported he would lose his place while reading. (Exhibit 7F). On June 11, 2015, the claimant reported he could pay attention "poorly" and did not finish what he started. He noted he rarely drove due to concentration problems and car problems. (Exhibit 7E). On July 18, 2015, the claimant reported his female companion reminded [sic] of things and "tries to keep him going." He stated he had poor focus." [sic] His attention and concentration were poor. He had fair performance on calculations. He reported he last worked in April 2015 when he retired from the reserves. (Exhibit 10F). On May 2, 2016, the claimant reported that he was able to clean and do chores around the house for about one hour due to lack of motivation to finish things. He lost focus when reading. He was able to perform simple calculations. (Exhibit 19F).

(Tr. 20). The ALJ then stated plaintiff "has been limited to simple, routine tasks and his exposure to changes limited to accommodate his moderate mental limitations." (Tr. 33).

The ALJ's decision does not provide the logical explanation required for the court to conduct meaningful judicial review. As noted in Mascio, a limitation to simple and routine tasks, standing alone, is insufficient to address concentration, persistence, and pace. Moreover, the ALJ does not provide any explanation of how plaintiff's exposure to changes is connected to his ability to stay on task and concentrate. In sum, the court cannot meaningfully evaluate whether the ALJ's decision is supported by substantial evidence.

Defendant argues that this case is analogous to the Fourth Circuit's decision in Sizemore v. Berryhill, 878 F.3d 72, 80–81 (4th Cir. 2017), where the court found the ALJ adequately accounted for plaintiff's moderate difficulties with concentration, persistence, and pace. As an initial matter, the RFC limitation given by the ALJ in Sizemore was considerably more detailed, where plaintiff was limited to working in a "low stress" environment, which the ALJ "defined as

6

non-production jobs [without any] fast-paced work [and] with no public contact." Id. at 79. Moreover, in Sizemore, the ALJ connected his assessment of plaintiff's limitations to the RFC by relying upon medical opinions that plaintiff could "show sustained attention to perform simple repetitive tasks." Sizemore, 878 F.3d at 80–81 (emphasis in original). Here, no such logical explanation connects the RFC to plaintiff's limitations. The instant case is distinguishable from Sizemore.[1]

Other cases cited by defendant are distinguishable, where RFCs contained production-work limitations. See Nelson v. Saul, No. 4:18-CV-163-D, 2019 WL 4748028, at *5 (E.D.N.C. Aug. 29, 2019), report and recommendation adopted, No. 4:18-CV-163-D, 2019 WL 4747048 (E.D.N.C. Sept. 27, 2019) ("Here, there is a production-work limitation in the RFC—the ALJ limited Claimant to "no production-rate or paced-work (such as would be done on an assembly line."); Bowen v. Berryhill, No. 5:16-CV-65-FL, 2017 WL 1194462, at *4 (E.D.N.C. Mar. 31, 2017).

On de novo review, the court adopts as its own the magistrate judge's conclusion that the ALJ's limitations do not provide sufficient context to explain the intended restrictions and to allow the court to conduct a meaningful review.

2.  Treating Source Opinion

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."

---

[1] The court recognizes that the instant case may fall somewhere in between Mascio and Sizemore. As in Sizemore, here, a doctor opined that plaintiff could "maintain concentration, persistence, and pace to stay on task for two-hour periods" (Tr. 32), and the ALJ gave "great weight" to that doctor's opinion. However, unlike in Sizemore, the doctor here did not indicate that plaintiff could show "sustained attention." Because the court determines, as set forth below, that remand also is required on the basis of plaintiff's second objection, it is appropriate for the ALJ to provide further explanation regarding restrictions due to limitations in concentration and pace.

7

20 C.F.R. § 404.1527(a)(1). "Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1527(a)(2). The ALJ must weigh "the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. § 404.1527(b). An ALJ must "evaluate every medical opinion we receive," regardless of its source. 20 C.F.R. § 404.1527(c).

Where, as here, plaintiff's claims were filed before March 27, 2017, the court applies the "treating physicians rule" to determine how much weight to assign to medical opinions given by sources that provided plaintiff with treatment or had an ongoing treatment relationship with plaintiff. Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 255–56 (4th Cir. 2017) (citing 20 C.F.R. § 1527). "[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

Where an opinion is not given controlling weight, the ALJ is responsible for assessing the weight of a medical opinion based on several factors. See 20 C.F.R. § 404.1527(c). Those factors include: 1) whether the physician has examined the applicant; 2) the treatment relationship between the physician and the applicant; 3) the supportability of the physician's opinion, 4) the consistency of the opinion with the record; 5) whether the physician is a specialist; and 6) other

8

factors brought to defendant's attention, such as the amount of understanding of defendant's disability programs and their evidentiary requirements, and the physician's familiarity with other information in the record. See id. § 404.1527(c); Johnson, 434 F.3d at 654. "An ALJ must include a narrative discussion describing how the evidence supports his explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations." Woods v. Berryhill, 888 F.3d 686, 695 (4th Cir. 2018) (internal quotation marks and citation omitted).

Here, Dr. Jones-Alexander, a psychologist at the Veterans Affairs Hospital, treated plaintiff in individual and group therapy sessions from 2014 until 2018. (Tr. 433, 805, 999). As such, Dr. Jones-Alexander qualifies as a treating source, and her opinion is entitled to controlling weight if it is supported by clinical evidence and consistent with other substantial evidence. Craig, 76 F.3d at 590. As reflected in her treatment notes, Dr. Jones-Alexander opines that plaintiff experiences difficulty interacting with others. See (Tr. 615) ("He appears to have significant social anxiety and low self-esteem. These factors . . . affect his social functioning."); (Tr. 1007) ("He has limited socialization with others and he continues to feel anxious around groups of people."). Moreover, when completing Disability Benefits Questionnaire, Dr. Jones-Alexander checked a box indicating that plaintiff experienced "difficulty in establishing and maintaining effective work and social relationships." (Tr. 432). The foregoing clinical observations are consistent with substantial evidence in the record. See e.g., (Tr. 893) ("[H]is communication skills are limited due to the depression. He is very quiet and likes to avoid the public."); (Tr. 95) ("He may have difficulty in his ability to relate to others including fellow workers and supervisors. He appears to be fairly socially withdrawn and avoidant of contact with others at this point."). As such, Dr. Jones-Alexander's opinions are entitled to controlling weight.

Yet, Dr. Jones-Alexander's opinions are in conflict with the ALJ's RFC determination that plaintiff "can have frequent, superficial interaction with coworkers and the public." (Tr. 21). The ALJ did not address this apparent conflict. In fact, the ALJ's sole reference to Dr. Jones-Alexander stated:

> On June 3, 2015, Jacqueline Jones-Alexander completed a mental disorder questionnaire for the VA. She reported, "The veteran currently reports symptoms of depression. In the course of completing this evaluation the veteran completed a PHQ 9 and obtained a score of 22." She noted he [sic] claimant had presorted experiencing panic attacks about four times per week as well as worry and stress. She is identified as a psychologist in treatment records.

(Tr. 26). While the ALJ referenced the Disability Benefits Questionnaire, she did not discuss or analyze any of Dr. Jones-Alexander's opinions therein, nor did the ALJ explain how much weight she gave to Dr. Jones-Alexander's opinions. In the absence of such explanation, the court is unable to conduct meaningful judicial review of the ALJ's decision not to give Dr. Jones-Alexander's opinion controlling weight. See Woods, 888 F.3d at 695.

Defendant argues that the ALJ's reference to Dr. Jones-Alexander's questionnaire shows that she considered this questionnaire, but because the questionnaire was in check-box form, it carried little probative value. Defendant's argument is unpersuasive for several reasons. First, the ALJ did not indicate that she gave little weight to Dr. Jones-Alexander's opinion because of the form in which it was presented; rather, the ALJ failed to explain how much weight, if any, she afforded Dr. Jones-Alexander's opinion. Importantly, in reviewing an ALJ's decision, the court must consider the ALJ's own explanation for her decision, not a speculative basis offered by defendant in briefing. Patterson v. Bowen, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must, however, affirm the ALJ's decision only upon the reasons he gave.").

Second, the check-box form of Dr. Jones-Alexander's opinion is not a sufficient basis for the ALJ to disregard it, where it was otherwise consistent with Dr. Jones-Alexander's treatment

10

notes and other evidence in the record. Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 269 n.5 (4th Cir. 2017) ("To the extent that the ALJ found fault with the forms reflecting the opinions of Drs. Grier and Worsham, that was not a sufficient reason to favor the contrary opinion of Dr. Jonas."); see also Larson v. Astrue, 615 F.3d 744, 751 (7th Cir. 2010) (substantial evidence did not support ALJ's decision to reject treating physician's "check box" opinion where the opinion was supported by clinical evidence, including the physician's own treatment notes, and was not inconsistent with other evidence in the record). Accordingly, remand is required for defendant to properly weigh Dr. Jones-Alexander's medical opinions.

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (DE 17) is GRANTED and defendant's motion for the same (DE 24) is DENIED. This case is REMANDED to defendant pursuant to sentence four of § 405(g). The clerk is DIRECTED to close this case.

SO ORDERED this 25th day of September, 2020.

LOUISE W. FLANAGAN
United States District Judge

11

Case 4:19-cv-00056-FL   Document 30   Filed 09/25/20   Page 11 of 11